**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SANDRA MACIEL, | ) |
|                 Plaintiff, | ) ) ) |
| vs. | ) ) |
| RENT-A-CENTER EAST, INC., | ) ) |
|                 Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff Sandra Maciel brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Rent-A-Center East, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and Illinois law.

**VENUE AND JURISDICTION**

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received within this District;

    b. Defendant does or transacts business within this District.

**PARTIES**

4. Plaintiff Sandra Maciel is an individual who resides in the Northern District of Illinois.

5. Defendant Rent-A-Center East, Inc. is a Delaware corporation with principal offices at 5501 Headquarters Drive, 3rd Floor, Plano, TX 75024. It does business in Illinois and Indiana. Its registered agent is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago,

IL 60604.

6. Defendant Rent-A-Center East, Inc. operates a number of Rent-A-Center stores.

## FACTS

7. Plaintiff was employed by the Chicago Department of Public Health.

8. Plaintiff rented furniture from a Rent-A-Center location in northwest Indiana.

9. In the fall of 2010, plaintiff was a few days behind in her payments.

10. On September 21, 2010, at about 9.30 a.m., a male employee of Rent-A-enter called a Chicago Department of Public Health clinic where plaintiff formerly worked. The telephone was answered by Susanna Contreras. The caller asked to speak to someone in human resources concerning Sandra Maciel. Ms. Contreras stated that Maciel no longer worked at this clinic. The caller stated that he was from the Sheriff's Department and had a warrant for the arrest of Sandra Maciel. Ms. Contreras transferred the call to the clinic administrator, Nina Molina.

11. The caller informed Ms. Molina that he was from the Sheriff's Department and had a warrant for the arrest of Sandra Maciel. He claimed that Rent-A-Center had taken Sandra Maciel to court and had been granted a warrant for the arrest of Maciel. Although the caller was told that Maciel no longer worked at that location, the caller repeated that he was going to arrest her and that he thought he was calling her current job location. The caller asked that Ms. Maciel be put in a room so that she could be arrested without embarrassing others. Ms. Molina eventually gave him the number of Human Resources/ Labor Relations for the Department of Public Health.

12. Plaintiff was harassed, upset and injured in her reputation as a result of these communications.

## COUNT I – FDCPA

13. Plaintiff incorporates paragraphs 1-12.

14. Under 15 U.S.C. §1692a(6), a "debt collector" includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate

that a third person is collecting or attempting to collect such debts."

15. By pretending to be an officer of the Cook County Sheriff's Department, the Rent-A-Center employee who made the September 21, 2010 call used a name other than its own that would indicate that a third person, namely the Sheriff's Department, was collecting Rent-A-Center's debt.

16. By engaging in the communications described above, the Rent-A-Center employee violated 15 U.S.C. §§1692c(b), 1692d, 1692d(1), 1692e, 1692e(1), 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692e(14).

17. Section 1692c provides:

> **§ 1692c.    Communication in connection with debt collection [Section 805 of P.L.]**
>
> **. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

18. Section 1692d provides:

> **§ 1692d.    Harassment or abuse [Section 806 of P.L.]**
>
> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1)    The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person. . . .**

19. It is a crime to impersonate an officer of the Cook County Sheriff.

20. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

>  **(1)    The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.**
>
>  **(2)    The false representation of--**
>
>  >  **(A)    the character, amount, or legal status of any debt . . .**
>
>  **(4)    The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**
>
>  **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
>  **(7)    The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer. . . .**
>
>  **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**
>
>  **(14)    The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.**

21.   At no time did defendant provide plaintiff with the notice required by 15 U.S.C. §1692g(a).

22.    Section 1692g(a) provides:

>  **§ 1692g.    Validation of debts [Section 809 of P.L.]**
>
>  **Notice of debt; contents**
>
>  (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
>  >  (1)    the amount of the debt;
>
>  >  (2)    the name of the creditor to whom the debt is owed;
>
>  >  (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion

>  **thereof, the debt will be assumed to be valid by the debt collector;**
>
>  **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
>  **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

>  (1)  Statutory and actual damages;
>
>  (2)  Attorney's fees, litigation expenses and costs of suit;
>
>  (3)  Such other and further relief as the Court deems proper.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT

23. Plaintiff incorporates paragraphs 1-12.

24. The Illinois Collection Agency Act, 225 ILCS 425/3, provides:

>  **Sec. 3. A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it: . . .**
>
>  **(e) Uses a fictitious name in collecting its own accounts, bills, or debts with the intention of conveying to the debtor that a third party has been employed to make such collection. . . .**

25. Defendant acted as a collection agency when it pretended to be the Cook County Sheriff's Department.

26. Defendant violated the following provisions of 225 ILCS 425/9:

>  **. . . (11) Threatening to instigate an arrest or criminal prosecution where no basis for a criminal complaint lawfully exists. . . .**
>
>  **(13) Disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false. . . .**
>
>  **(14) Initiating or threatening to initiate communication with a debtor's employer unless there has been a default of the payment of the obligation for at**

**least 30 days and at least 5 days prior written notice, to the last known address of the debtor, of the intention to communicate with the employer has been given to the employee, except as expressly permitted by law or court order. . . .**

**(17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law. . . .**

**(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

**(22) Using any form of communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a governmental agency or official or by an attorney at law when it is not.**

**(23) Using any badge, uniform, or other indicia of any governmental agency or official except as authorized by law.**

**(24) Conducting business under any name or in any manner which suggests or implies that a debt collector is bonded if such collector is or is a branch of or is affiliated with any governmental agency or court if such collector is not. . . .**

**(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

27. Defendant violated the following provisions of 225 ILCS 425/9.2:

**225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection**

**. . . (b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**

28. Defendant violated the following provisions of 225 ILCS 425/9.3:

**225 ILCS 425/9.3. (Effective January 1, 2008) Validation of debts**

**Sec. 9.3. (a) Within 5 days after the initial communication with a debtor in connection with the collection of any debt, a debt collector or collection agency shall, unless the following information is contained in the initial communication or the debtor has paid the debt, send the debtor a written notice with each of the**

**following disclosures:**

**(1) The amount of the debt.**

**(2) The name of the creditor to whom the debt is owed.**

**(3) That, unless the debtor, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector or collection agency.**

**(4) That, if the debtor notifies the debt collector or collection agency in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector or collection agency will obtain verification of the debt or a copy of a judgment against the debtor and a copy of the verification or judgment will be mailed to the debtor by the debt collector or collection agency.**

**(5) That upon the debtor's written request within the 30-day period, the debt collector or collection agency will provide the debtor with the name and address of the original creditor, if different from the current creditor. If the disclosures required under this subsection (a) are placed on the back of the notice, the front of the notice shall contain a statement notifying debtors of that fact. . . .**

29. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

(1) Compensatory and punitive damages;

(2) Costs.

(3) Such other and further relief as is appropriate.

## COUNT III – DEFAMATION

30. Plaintiff incorporates paragraphs 1-12.

31. The communications set forth above accused plaintiff of committing a criminal act for which she was subject to arrest, and were defamatory.

32. Defendant's false statements were made wilfully and maliciously.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor

of plaintiff and against defendant:

      (1)  Compensatory and punitive damages;

      (2)  Costs.

      (3)  Such other and further relief as is appropriate.

          s/Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
  & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\25032\Pleading\Complaint_Pleading.wpd

## JURY DEMAND

 Plaintiff demands trial by jury.

          s/Daniel A. Edelman
          Daniel A. Edelman

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)